IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION

BRITNEY DAVIS, as Special                                    PLAINTIFF
Administratrix of the Estate of Bradly
Blackshire, Deceased

Vs.                              CASE NO.:4:19-CV-398-BRW

OFFICER CHARLES STARKS #34308,
OFFICER MICHAEL SIMPSON #36194,
And THE CITY OF LITTLE ROCK                              DEFENDANTS

## ANSWER TO COMPLAINT BY DEFENDANT CHARLES STARKS

COMES NOW, Charles Starks by and through his attorney Robert A.
Newcomb and for his Answer to the Complaint states:

### INTRODUCTION

1. It is admitted that at all times material to this cause of action Charles Starks
   was a Little Rock Police Officer. It is further admitted that Charles Starks
   killed Bradley Blackshire and it is denied that it was an unlawful killing. The
   Defendant denies that he intentionally stepped in front of the vehicle driven
   by Mr. Blackshire and affirmatively states that Mr. Blackshire turned the
   vehicle into the path that Officer Starks was taking to get to his police car.
   The actions of Defendant Simpson do not apply to Defendant Starks and
   therefore are denied. Pleading affirmatively Officer Starks states that
   Desaray Clarke who had been in the vehicle with deceased Bradley
   Blackshire was saying that he had a gun.

2. The allegations in paragraph number 2 are denied.

3.  The Defendant denies the allegations in paragraph number 3 and affirmatively states that the shooting was not unlawful or unconstitutional. The shooting was reviewed by the Prosecuting Attorney for Pulaski County who found that the use of deadly force was justified under Arkansas Law.

## JURISDICTION AND VENUE

4.  The allegations in paragraph number 4 of the complaint are admitted.

5.  The allegations in paragraph number 5 are admitted.

## PARTIES

6.  The allegations in paragraph number 6 at the Estate of Bradley Blackshire represent the property and legal interest of the decedent Bradley Blackshire is admitted. The remaining allegations other than as to the number of children are denied. At the time of Mr. Blackshire's death he had failed to support his children and there was a pickup order from the Circuit Court of Pulaski County, AR for over $20,000.00 in unpaid child support.

7.  It is admitted that Britney Davis was appointed Special Administratrix of the Estate of Bradley Blackshire. It is further denied that she has legal standing to represent the Estate since the Defendant lacks knowledge of whether she is qualified.

8.  The allegations in paragraph number 8 are admitted.

9.  The allegations in paragraph number 9 do not apply to this Defendant and to the extent that they do they are denied.

10. The allegations in paragraph number 10 do not appear to apply to Defendant Starks but to the extent that they do the allegations are denied.

11. The allegations in paragraph number 11 are admitted.

## FACTUAL ALLEGATIONS

12. It is admitted that there are video recordings of the events that lead to the death of Bradley Blackshire. The allegation that Bradley Blackshire was surreptitiously targeted by LRPD and Defendant Starks is denied.

13. The Defendant Charles Starks has insufficient knowledge to admit or deny that Mr. Blackshire borrowed a Black Nissan Altima on February 22, 2019 for lack of personal knowledge therefore it is denied. It is admitted that on February 22, 2019 Mr. Blackshire was driving a stolen Black Nissan Altima.

14. The allegations in paragraph number 14 are admitted.

15. The allegations in paragraph number 15 are admitted.

16. The Defendant Charles Starks can neither admit nor deny the allegations in paragraph 16 for lack of personal knowledge and therefore denies the allegation that Mr. Blackshire did not violate any traffic law.

17. The Defendant Charles Starks admits that while Mr. Blackshire was driving Defendant Starks was made aware by another police officer that Mr. Blackshire was driving a stolen vehicle. Defendant Starks had probable cause to arrest Mr. Blackshire for theft by receiving.

18. There is no information that the Defendant Starks received that the Altima was being driven in a dangerous or threatening manner. The remaining allegations are denied because it would be assumed by all trained police officers that someone in the course of committing a felony such as Mr. Blackshire may commit violent acts.

19. The   allegations in paragraph number 19 are admitted other than it is denied that Mr. Blackshire was not aware that the police may be intending to stop him since he mentioned that he was being followed by the Federal Bureau of Investigation and was informed by Ms. Clarke that a police car was turning into the parking lot Mr. Blackshire had turned into.

20. The allegations in paragraph number 20 are denied.

21. The allegations in paragraph number 21 are denied as it is reasonably believed based upon the statements made by Mr. Blackshire according to Ms. Clarke and Mr. Blackshire's actions that he was aware that the Little Rock Police Department was interested in arresting him.

22. The allegations in paragraph 22 are admitted except as to the claim that Mr. Blackshire was unsuspecting since he was driving a stolen vehicle it would be reasonable for him to suspect that the police may be interested in him, he was also reasonably certain to be suspicious that the police would arrest him since he was in the possession of a stolen .45 Caliber Beretta Pistol as a convicted facing possible State or Federal Criminal charges, and that he possessed in the vehicle drug paraphernalia and Methamphetamine. It is admitted that following policy and procedure, Officer Starks pulled into the parking lot.  It is not mandatory policy to wait on back up so that part of the allegations is denied.

23. The allegations in paragraph number 23 are admitted.

24. The allegations in paragraph number 24 are admitted.

25. The allegations in paragraph number 25 are denied. Mr. Blackshire's failure to show his hands when directed to do so by Defendant Starks was threatening to the officer because if the officer cannot see the hands they could be being used to hold a gun.

26. It is admitted that Mr. Blackshire was informed by Mr. Starks approximately 12 times to get out of the vehicle, and instead of complying with the directions of the Little Rock Police Officer Mr. Blackshire locked the vehicle and refused to get out. The Defendant Charles Starks can neither admit nor deny Mr. Blackshire feared for his life and therefore denies the same.

27. It is admitted that Mr. Blackshire a habitual criminal made the statement, "What are you going to shoot me for?" For which Mr. Starks responded that he did not want to shoot Mr. Blackshire.

28. It is admitted that Defendant Starks did not advise Mr. Blackshire why he was being detained at gunpoint but told him that when he got out of the vehicle he would inform him why he was being detained.

29. It is admitted the Altima started going forward. It is denied as a conclusion that it was slowly rolling forward. It is further stated that Mr. Blackshire was driving the vehicle in such a manner as to strike the Defendant with the vehicle, which is considered a deadly weapon under Arkansas law for the crimes of attempted capital murder, battery in the 2nd degree, or aggravated assault. The vehicle was driven in such a manner that Mr. Blackshire intentionally struck Defendant Starks while the Defendant was beside the

vehicle performing his duties as a police officer. The actions of Mr. Blackshire caused injury to Defendant Starks's knee.

## DEFENDANT STARKS JUSTIFIABLY USED DEADLY FORCE

## AGAINST BRADLEY BLACKSHIRE

30. The allegations contained in paragraph number 30 are denied.

31. The Defendant denies the allegation as written in paragraph number 31 and affirmatively states that he was moving westward and southward when the Altima was driven into him by Bradley Blackshire.

32. The allegations contained in paragraph number 32 are denied.

33. The allegation contained in paragraph number 33 is denied.

34. The allegation contained in paragraph number 34 is denied.

35. The allegation contained in paragraph number 35 as written is denied.

36. The allegations contained in paragraph number 36 are denied.

37. The Defendant admits that he had the gun pointed at Mr. Blackshire since Mr. Blackshire was suspected of committing a felony and there was probable cause to believe that he was committing a felony by having possession of a stolen car. It is denied that the Altima had a very slow movement.

38. The allegations in paragraph number 38 are denied.

39. The allegations in paragraph 39 are denied.

40. The allegation in paragraph 40 is denied.

41. It is admitted that the Defendant never saw a firearm but reasonably believed based upon the actions of Mr. Blackshire that he had a gun, and in fact a stolen .45 semi-automatic pistol was found in the vehicle.

42. The allegations in paragraph 42 are admitted.

43. The allegations in paragraph 43 are denied.

44. Defendant Starks saw Mr. Blackshire reaching in such a manner that he reasonably believed Mr. Blackshire was reaching for a gun or some type of weapon to cause harm, physical injury, or death to Defendant Starks.

45. The allegation contained in paragraph 45 is denied.

46. The allegations contained in paragraph 46 are denied

47. The allegations contained in paragraph 47 are denied.

48. It is admitted that the vehicle struck the Defendant and deadly force was used. It is denied that the actions were with the intent to kill Mr. Blackshire; the intent was to protect Defendant Starks from serious bodily injury or death.

49. The allegations contained in paragraph 49 are denied.

50. The allegations contained in paragraph 50 are denied.

51. The allegations as written in paragraph 51 are denied.

52. The Defendant admits that he shot multiple times and learned later that Mr. Blackshire was severely wounded. Further it is stated that subsequently, it was learned that Mr. Blackshire had PCP in his system which has the effect of making people immune to pain.

53. Defendant Starks admits that when Mr. Blackshire drove the car into him it caused him to be bent over the hood. Defendant Starks believed that he was going to be killed, so he used force. The Defendant has insufficient knowledge to admit or deny whether Mr. Blackshire was unable to keep his foot on the break as his body convulsed with each bullet he sustained so therefore, he can neither admit or denied and therefore the same is denied.

54. It is admitted that LRPD Officer, Defendant Simpson actions were to protect the life of Defendant Starks when he drove into the Altima. The remaining allegations in paragraph 54 are denied.

55. It is admitted that Defendant Starks fell off the hood of the vehicle after it was struck by Officer Simpson.

## IT IS DENIED THAT THE OFFICERS FAILED TO PROVIDE AID AND MEDICAL CARE TO MR. BLACKSHIRE.

56. Defendant Starks is not alleged to have committed any acts in paragraph 56, but to the extent it accuses him of any misconduct, the allegations are denied.

57. Defendant Starks is not alleged to have committed any acts in paragraph 57, but to the extent it accuses him of misconduct, the allegations are denied.

58. The Defendant did not observe Mr. Blackshire in the car so he can neither admit nor deny the allegations contained in paragraph 58 and therefore denies the same.

59. The Defendant Starks rendered aid to Ms. Desaray Clark.  The Defendant, because of rendering aid to the passenger, did not render aid to Mr. Blackshire.  The passenger stated repeatedly at the time that Mr. Blackshire had a gun, and that was conveyed to Officer Simpson by Officer Starks.  Officers of the Little Rock Police Department promptly provided medical care for Mr. Blackshire as soon as it was ascertained that he did not pose a threat to any officer.  An ambulance was immediately requested.  Defendant Starks was injured and admits that he did not request emergency medical services but had informed Communications of shots fired, which would by protocol trigger the response by emergency medical personnel.  The tape discloses that almost immediately after the scene was secured or just prior thereto that radio traffic discloses that a request was made that MEMS be 10-18'Ed, which means "expedited."

60. Defendant Starks denies the allegation in paragraph 60.

61. It is denied that there was a delay in requesting medical services for Mr. Blackshire.  The allegation in paragraph 61 as written is denied.

62. Mr. Blackshire received prompt medical attention from members of the Little Rock Police Department.  Whether he was losing consciousness is unknown to Defendant Starks.   The allegation of a more than 5 minute delay in requesting emergency medical services are denied.

63. The allegations in paragraph 63 are denied.

64. It is admitted that Mr. Blackshire was pronounced dead at the scene.  The remaining allegations in paragraph 64 are denied.

DEFENDANT STARKS DENIES THE ATTEMPT TO COVER UP AN UNLAWFUL

SHOOTING AND DENIES THERE WAS AN UNLAWFUL SHOOTING.

65. The allegations in paragraph 65 are denied.

66. The Defendant Starks has no memory at the present time of the allegations contained in paragraph 66 and therefore denies the same.

67. The allegations contained in paragraph 67 are denied.

68. It would be standard practice that the Defendant would be told not to talk about the shooting, not in an attempt to conceal the Officer's actions, but as protocol since he would be interviewed possibly by both Internal Affairs and definitely by Major Crimes. The allegation of unlawful actions is denied. It is affirmatively stated that the prosecuting attorney for the Sixth Judicial District ruled the shooting justified and the Defendant pleads qualified immunity.

69. It is admitted that Lieutenant Johnny Gilbert made a recommendation that Starks' employment be terminated. This was done in retaliation for Officer Starks filing a grievance against Lt. Gilbert, which was affirmed as valid shortly before Lt. Gilbert made the unfounded recommendation.

70. It is admitted that Lt. Johnny Gilbert made a recommendation that Starks' employment be terminated. The recommendation was in retaliation for Officer Starks filing a grievance against Lt. Gilbert, which was affirmed as valid shortly before Lt. Gilbert made the unfounded recommendation.

71. The Defendant has no personal knowledge and the vagueness of the allegation makes it impossible to investigate. Therefore, the allegations contained in paragraph 71 are denied for lack of personal knowledge.

72. It is denied that there are multiple credible recommendations for termination and the remaining allegations in paragraph 72 are denied. To the extent the City's Policies, Practices and Customs were the moving factor behind Defendants' unlawful actions, this allegation is denied.

73. Defendant Starks has insufficient knowledge to admit or deny the allegations contained in paragraph 73 and further they do not apply to him, and therefore denies the same.

74. The allegations in paragraph 74 are admitted.

75. The Defendant Starks has insufficient personal knowledge to admit or deny the allegations contained in paragraph 75, further it does not apply to him, and therefore denies these allegations. Defendant Starks was at one point in time accused by Lt. Gilbert of sick leave abuse which was what was grieved and overturned by City Manager, Bruce Moore. The Defendant Starks had used a significant amount of sick leave in one year while under the command of Lt. Johnny Gilbert.   Said sick leave was used by the Defendant to care for his wife who had complications early in her pregnancy that resulted in a miscarriage. This time off would be protected by federal law but Lt. Gilbert was not willing to follow federal law. Further, Defendant's wife had to have a D & C after the miscarriage, then was admitted to the

hospital a short time later for pneumonia. Defendant Starks then had absences because of gall bladder problems.

76. The conclusions and allegations stated in paragraph 76 are denied.

### THE CITY'S FAILURE TO DISCIPLINE OFFICERS WHO FIRE INTO MOVING VEHICLES WAS A MOVING FORCE IN THE DEFENDANT'S ACTIONS.

77. The Police Department has a policy that speaks for itself. The Defendant in this case faced imminent threat of great bodily injury or death when he fired into the car.

78. The allegations in paragraph 78 are denied.

79. The allegations in paragraph 79 do not apply to this Defendant, and the Defendant was not employed by the Little Rock Police Department in 2007 and therefore denies those allegations for lack of personal knowledge.

80. The Defendant has no knowledge of the allegations contained in paragraph 80, and was not employed by the Little Rock Police Department at that time so therefore denies the allegations in paragraph 80 as applied to him.

81. The allegations in paragraph 81 do not apply to this Defendant and further, he was not employed by the Little Rock Police Department at the time and has no personal knowledge of the allegations and therefore denies the same.

82. The allegations in paragraph 82 do not apply to this Defendant and further, he was not employed by the Little Rock Police Department at the time and has no personal knowledge of the allegations and therefore denies the same.

83. The Defendant admits that he knows of the incident when Officer Gunn shot James Heartsfield who was driving a car dragging her as the Defendant understands it and was the cause of his own death. Any remaining allegations are denied.

84. This Defendant has no personal knowledge of the allegations contained in paragraph 84, was not present, was not at work on that day, and therefore denies any inference or allegation that paragraph 84 applies to the conduct of the Defendant.

85. The Defendant was not on the payroll of the Little Rock Police Department in 2012 and has no personal knowledge of the allegations contained in paragraph 85, and can neither admit or deny the allegations, and therefore denies the same.

86. The Defendant has no personal knowledge of the allegations contained in paragraph 86 and can neither admit or deny the same, and therefore denies those allegations.

87. It is denied that the Officers violated policy and the allegations contained herein. It is further stated that the proximate cause of Mr. Blackshire's death was his own actions.

88. The allegations in paragraph 88 do not apply to this Defendant, and therefore are denied.

89. The allegations contained in paragraph 89 are denied.

90. The allegations in paragraph number 90 have nothing to do with this Case and Defendant Starks parked in front of Mr. Blackshire's vehicle that was a

stolen vehicle with his blue lights on and in a marked police car so Mr.
Blackshire was not an unaware suspect, and therefore the allegations in
paragraph 90 are denied.

91. The allegations contained in paragraph number 91 are denied.

92. The allegations contained in paragraph number 92 do not allege any
misconduct by Defendant Starks, but to the extent that they do they are
denied.

93. The allegations contained in paragraph number 93 does not apply to
Defendant Starks and therefore are denied to the extent that the allegations
apply to the actions of Defendant Starks

94. The allegations contained in paragraph number 94 do not apply to the
actions of Defendant Starks and therefore to the extent that they may apply
to him are denied.

95. The Defendant Starks has no knowledge of what the Little Rock Police
Department knew of the need to provide training or whether in fact they are
needed training, so the allegations in paragraph number 95 are denied.

96. The allegations in paragraph number 96 do not apply to Defendant Starks
but to the extent that they may they are denied.

## PLAINTIFF'S DAMAGES

97. The Defendant does not have sufficient knowledge to admit or deny the
conclusions ad allegations stated in paragraph number 97 and therefore
denies the same.

98. The allegations contained in paragraph number 98 are speculative. Pleading affirmatively it is stated that Mr. Blackshire was not likely to be an individual who grew and improved as a provider for his family since he was over $20,000.00 in arrearage in Court Ordered child support; had four prior felony convictions; had three felony charges pending; had committed on the day of his death three felonies at a minimum; had previously committed a federal crime by possessing a silencer that while not illegal under Arkansas State Law was a Federal Offense. At the time of his death Mr. Starks had charges that could have resulted in a life imprisonment sentence. It is denied that Mr. Starks deprived Mr. Blackshire of a reasonable opportunity to grow and improved based upon Mr. Blackshire's history of criminal conduct and continued criminal conduct.

99. The Defendant has no knowledge of whether Mr. Blackshire ever helped his children with their homework, ever had any relationship with his son, or would have been present to be able to walk his daughter down the aisle. Therefore the allegations contained in paragraph number 99 are denied for lack of personal knowledge.

100. It can nether be admitted or denied that the allegations contained in paragraph number 100 are true and therefore they are denied. Pleading affirmatively it is stated that the actions of the decedent Mr. Blackshire were the proximate cause of his death.

101. It is admitted that Mr. Blackshire was the only son of Kim Blackshire-Lee. The remaining allegations as to brutal actions are denied. The Defendant has

no knowledge of the extent of the mother-son relationship so therefore denies there was one.

### COUNT I-42 U.S.C. §1983 EXCESSIVE DEADLY FORCE.

102.  The Defendant Charles Starks incorporates each of the paragraphs in his answer by reference.

103.  The allegations contained in paragraph number 103 are denied.

104.  The allegations contained in paragraph number 104 are denied.

### COUNT II-42 U.S.C. §1983 FAILURE TO PROVIDE MEDICAL CARE

105.  The Defendant incorporates each of the paragraphs in his answer by reference.

106.  The Defendant Charles Starks was providing assistance to the passenger Ms. Clark and therefore could not also provide medical treatment to Mr. Blackshire who was receiving medical treatment by other officers.

107.  The allegations in paragraph number 107 are denied and the legal claims are denied.

108.  The allegations contained in paragraph number 108 are denied.

### COUNT III-42 U.S.C. §1983 MUNICAPLE LIABILITY: MONELL

109.  The Defendant incorporates each of the paragraphs in this answer by reference.

110.  The Defendant denies the allegations in paragraph number 110 for lack of any personal knowledge of said alleged policy and custom.

111.  The Defendant denies that the barricading a suspect's motor vehicle inevitably leads officers to employ excessive deadly force. The direct and approximate result of any use of deadly force in this case was caused by the actions of Mr. Blackshire in committing felonies, driving a vehicle into the body of the Defendant, and failure to comply with lawful orders of a police officer.

112.  The Defendant does not have sufficient knowledge to admit or deny the policy and custom of the City of Little Rock but to the extent of such information and knowledge he has denies the allegations in paragraph 112.

113.  To the extent paragraph 113 alleges any improper actions by the Defendant, the Defendant denies the allegations contained in paragraph 113.

114.  The allegations contained in paragraph 114 as to any misconduct by this Defendant are denied.

115.  The allegations in paragraph 115 are denied.

116.  The allegations contained in paragraph 116 are denied.

117.  The allegations contained in paragraph 117 are denied.

COUNT IV-STATE LAW CLAIM VIOLATION OF ARKANSAS CIVIL RIGHTS ACT

118.  The Defendant incorporates each of the paragraphs in this answer by reference.

119.  The allegations contained in paragraph 119 are denied.

## COUNT V-STATE LAW CLAIM ASSAULT AND BATTERY

120.  The Defendant incorporates each of the paragraphs in this answer by reference.

121.  The Defendant Charles Starks admits that he drew his gun because of his right to protect his life. The criminal acts being committed by Mr. Blackshire justified under State Law the display of a gun. The actions were not contrary to clearly established law and the Defendant is entitled to qualified and statutory immunity.

122.  The use of force was legal and justified, therefore the allegations contained in paragraph 122 are denied.

123.  The allegations contained in paragraph 123 are denied for lack of personal knowledge of whether Mr. Blackshire suffered physical pain. The remaining conclusions and allegations in paragraph 123 are denied.

## COUNT VI-STATE LAW CLAIM WRONGFUL DEATH

124.  The Defendant incorporates each of the paragraphs in this answer by reference.

125.  To the extent that paragraph 125 states facts instead of legal conclusions they are denied.

126.  The allegations in paragraph 126 are denied.

127.  The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph number 127 and therefore denies the same.

128.   The Defendant has insufficient knowledge to admit or deny the allegations in paragraph 128 and therefore denies the same.

## COUNT VII-STATE LAW CLAIM SURVIVAL ACTION

129.   The Defendant incorporates each of the paragraphs in this answer by reference.

130.   The allegations in paragraph 130 are denied.

131.   The allegations in paragraph 131 are denied.

132.   The allegations in paragraph number 132 are denied.

## COUNT VIII-STATE LAW CLAIM INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

133.   The Defendant incorporates each of the paragraphs in this answer by reference.

134.   The allegations in paragraph 134 are denied.

135.   The allegations in paragraph 135 are denied.

## GENERAL DENIAL AND AFFIRMATIVE DEFENSES

136.   The Defendant Charles Starks denies each and every material allegation contained in the Complaint that was not specifically admitted herein.

137.   Defendant Charles Starks pleads qualified immunity from suit for all State and Federal Constitutional claims against him. Defendant Starks's actions did not violate any clearly established law.

138.   The Defendant Charles Starks pleads justification as defense for all claims against him. The actions of Defendant Starks were in conformity with the laws of the State of Arkansas.

139.   The Defendant Charles Starks states that the actions of Mr. Blackshire were such as to constitute comparative fault for his own death.

140.   The Defendant Charles Starks pleads the State Statutory defense to claims of negligence. The allegations contained in the complaint failed to state a cause of action against Defendant Charles Starks in that no facts allege the actions of Defendant Starks were committed with malice.

141.   The Defendant Charles Starks denies punitive damages should be awarded; any award of punitive damages would be a violation of the Due Process Clause of the 14th Amendment to the United States Constitution.

142.   The Court should award the Defendant attorney's fees, Court costs, and litigation expenses.

JURY TRIAL

143.   The Defendant Charles Starks requests a trial by Jury.

WHEREFORE, the Defendant Charles Starks respectfully requests that this Court will dismiss the action against him, deny the Plaintiff the right to proceed with

this action for lack of proper legal standing to be appointed that Administratrix

of the Estate, any and all other relief to which Charles Starks is entitled.

Respectfully Submitted,

Robert A. Newcomb, #73087
Attorney for Petitioner
P.O. Box 149
Little Rock, AR  72203
(501) 372-5577
E-mail:  robertnwcmb@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served via the Courts ECF record system this _____ day of August, 2019, to:

Mr. Omavi Shukur
omavi@loevy.com

Alex Betton
abetton@littlerock.gov

Tom Carpenter
tcarpenter@littlerock.gov

Arthur Loevy
arthur@loevy.com

Jon Loevy
jon@loevy.com

David B. Owens
david@loevy.com

Robert A. Newcomb