**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BRITNEY DAVIS, as Special**
**Administratrix of the Estate of Bradley**
**Blackshire, Deceased**                                                          **PLAINTIFF**

**v.**                                              **CASE NO.: 4:19-CV-398-BRW**

**OFFICER CHARLES STARKS,**
**OFFICER MICHAEL SIMPSON,**
**And THE CITY OF LITTLE ROCK,**
**ARKANSAS**                                                                        **DEFENDANTS**

<u>**ANSWER**</u>

Separate Defendants, Officer Michael Simpson ("Officer Simpson") and the City of Little

Rock, Arkansas ("City") respectfully come before this honorable Court, and for their Answer to

Plaintiff's Complaint state as follows:

1.      In response to paragraph 1, Separate Defendants admit that Charles Starks shot and

killed Bradley Blackshire, and admit that Officer Simpson did not render aid immediately

afterward.   Pleading further, immediately after the shooting Officers Starks and Simpson were

informed by Deseray Clarke that Mr. Blackshire had a gun, as such Officer Simpson repeatedly

requested that Mr. Blackshire "show his hands," and held him at gunpoint until LRPD officers

could ascertain the location of the firearm.   However, Mr. Blackshire was mortally wounded and

did not respond to Officer Simpson's verbal commands.   Separate Defendants deny the remaining

material allegations not specifically admitted to herein.

2.      Separate Defendants deny the allegations in paragraph 2 of the Complaint.

26744.1

3.      Paragraph 3 of the Complaint is a statement of Plaintiff's objectives in this lawsuit and do not require a response pursuant Fed. R. Civ. P. 8(a)(2).  To the extent a response is required, Separate Defendants deny each and every material allegation contained in paragraph 3.

4.      Separate Defendants agree that this Court has jurisdiction over this lawsuit.

5.      Separate Defendants agree that venue is proper.

6.      Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 6 of the Complaint and therefore deny the same.

7.      Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the claims made in paragraph 7 of the Complaint, and demand strict proof thereof.

8.      Separate Defendants admit the allegations in paragraph 8.

9.      Separate Defendants admit the allegations in paragraph 9.

10.     In response to paragraph 10 of the Complaint, the City admits that it is a municipal corporation, and denies the remaining allegations as stated.  Pleading further, the Little Rock Board of Directors implemented the use of deadly force policy that is embodied in LRPD General Order ("G.O") 303 with the adoption of Little Rock resolution No. 8,136 (April 18, 1989).

11.     In response to paragraph 11 of Plaintiff's Complaint, Separate Defendants admit that the City participates in the Arkansas Municipal League Defense Program.  The remainder of paragraph 11 does not contain allegations that relate to a claim against Separate Defendants as required by Fed. R. Civ. P. 8(a)(2) and does not require a response.  To the extent that a response

is required, Separate Defendants deny each and every material allegation contained in paragraph 11.

12.     Separate Defendants admit that Officer Starks and Officer Simpson's mobile video recorders ("MVR") were active on February 22, 2019, and recorded video and audio from Officer Stark's shooting of Bradley Blackshire and the immediate aftermath.

13.     Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 13 of the Complaint and therefore deny the same.  Pleading further, on February 22, 2019, Bradley Blackshire was the driver of a stolen Nissan Altima.

14.     In response to paragraph 14, Separate Defendants admit that on February 22, 2019, at 11:04 am, Little Rock Police Department ("LRPD") detectives were alerted by a license plate reader of a stolen vehicle near 12th and Peyton Streets in Little Rock, Arkansas.

15.     Separate Defendants admit the allegation in paragraph 15.

16.     The allegations in paragraph 16 of the Complaint do not relate to a claim against Separate Defendants in this case as required by Fed. R. Civ. P. 8(a)(2) and do not require a response.  To the extent that a response is required, Separate Defendants deny each and every material allegation.

17.     Separate Defendants admit the allegations in paragraph 17 of the Complaint.

18.     The allegations in paragraph 18 of the Complaint do not relate to a claim against Separate Defendants in this case as required by Fed. R. Civ. P. 8(a)(2) and do not require a response.  To the extent that a response is required, Separate Defendants deny each and every material allegation.

19.     In response to paragraph 19 of the Complaint, LRPD detectives requested assistance from LRPD patrol vehicles in the vicinity of the stolen Nissan Altima, Officer Starks was one of the officers in the vicinity of the stolen Altima, and reported to the detectives that he would respond to the stolen vehicle's location.

20.     Separate Defendants admit the allegations in paragraph 20 of the Complaint.

21.     Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 21 of the Complaint and therefore deny the same.

22.     In response to paragraph 22 of the Complaint, Separate Defendants admit that Officer Starks made contact with the stolen Nissan Altima and its' occupants at 11:09 am on February 22, 2019.

23.     Separate Defendants admit the allegations in paragraph 23 of the Complaint except that Officer Starks's patrol vehicle did not completely block the stolen Nissan Altima in its parking space.

24.     In response to paragraph 24, Separate Defendants admit that Officer Starks exited his patrol vehicle with his service weapon drawn, and placed the occupants of the stolen Nissan Altima at gunpoint.  Pleading further, Officer Starks ordered Mr. Blackshire to show his hands, roll down the window, and exit the vehicle.  Mr. Blackshire did not comply with those commands.

25.     Separate Defendants deny the allegations in paragraph 25 of the Complaint.

26.     In response to paragraph 26 of the Complaint, Separate Defendants admit that Officer Starks continued to issue verbal commands to Mr. Blackshire, and that Mr. Blackshire did

-4-

not comply.   Separate Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27.   In response to paragraph 27 of the Complaint, Separate Defendants deny the allegations as plead, while it is evident from the MVR that Mr. Blackshire verbally responded to Officer Starks, interpretations of the substance of Mr. Blackshire's response vary.

28.   In response to paragraph 28 of the Complaint, Separate Defendants admit that Officer Starks did not advise Mr. Blackshire as why his service weapon was drawn.   Pleading further, Mr. Blackshire was nonresponsive to Officer Starks's verbal commands.

29.   Separate Defendants admit the allegations in paragraph 29 of the Complaint.

30.   The allegations in paragraph 30 of the Complaint are factual and legal conclusions and are not claims against Separate Defendants that require a response pursuant to Fed. R. Civ. P. 8(a)(2).  To the extent that this Court deems the allegations in paragraph 30 otherwise, Separate Defendants deny each and every material allegation.

31.   In response to paragraph 31 of the Complaint, Separate Defendant admit that Officer Starks was positioned on the driver's side of the stolen Nissan Altima near the front tire when it began to move.

32.   Paragraph 32 is Plaintiff's interpretation of the stolen Nissan Altima's movement from the MVR, and does not contain allegations that relate to a claim against Separate Defendants in this case as required by Fed. R. Civ. P. 8(a)(2).   Therefore, the allegations do not require a response.   To the extent that this Court construes paragraph 32 otherwise, Separate Defendants deny each and every material allegation contained in paragraph 32 of the Complaint.

33.     Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegation in paragraph 33 of the Complaint and therefore deny the same.

34.     Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 34 of the Complaint and therefore deny the same.

35.     In response to paragraph 35 of the Complaint, Separate Defendants admit that Officer Starks asserted in his statement to the LRPD's Detective Division that he believed that Mr. Blackshire was nonresponsive to his verbal commands and attempted to leave the parking lot in the stolen Nissan Altima.

36.     Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 36 and therefore deny the same.

37.     In response to paragraph 37 of the Complaint, Separate Defendants admit that Officer Starks exited his patrol vehicle with his service weapon drawn and held the occupants of the stolen Nissan Altima at gunpoint.  He continued to do so when Mr. Blackshire attempted to flee.

38.     The City is without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 38 of the Complaint and therefore deny the same.  Pleading further, Officer Starks stated in his statement to the LRPD's detective division that Mr. Blackshire kept his hands below the dash-line, and that Mr. Blackshire did not raise his hands up to show that he did not possess a weapon.  Officer Starks also stated to the LRPD's detective division that there was a portion of the incident that he did not recall.

-6-

39.     Paragraph 39 of the Complaint is a restatement of the allegations in paragraph 38 of the Complaint and Separate Defendants refer Plaintiff and the Court to the answer to paragraph 38.

40.     Separate Defendants admit paragraph 40 of the Complaint.

41.     Separate Defendants admit the allegations in paragraph 41 of the Complaint.

42.     Separate Defendants admit the allegations in paragraph 42 of the Complaint.

43.     Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 43 of the Complaint and therefore deny the same.

44.     Separate Defendants admit that Officer Starks did not claim Mr. Blackshire reached for a weapon in his statement to the LRPD's detective division.

45.     Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 45 of the Complaint and therefore deny the same.

46.     The allegations in paragraph 46 of the Complaint are a legal conclusion, the determination of such is the responsibility of this Court and/or the Eighth Circuit Court of Appeals. To the extent that this Court construes the content of paragraph 46 otherwise, Separate Defendants deny each and every material allegation.

47.     Paragraph 47 restates the allegations in paragraph 46, Separate Defendants refer Plaintiff and the court to their answer o paragraph 46.

48.     In response to paragraph 48 of the Complaint, Separate Defendants admit that Officer Starks shot Mr. Blackshire, Separate Defendants are without knowledge or information

sufficient to form a belief as to the veracity of the remaining allegations in paragraph 48 of the Complaint and therefore deny the same.

49.    Separate Defendants admit the allegations in paragraph 49 of the Complaint.

50.    Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 50 of the Complaint and therefore deny the same.

51.    In response to paragraph 51 of the Complaint, Separate Defendants admit that Officer Starks moved to the front of stolen Nissan Altima and continued to fire his service weapon. Separate Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52.    Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 52 of the Complaint and therefore deny the same.

53.    In response to paragraph 53 of the Complaint, Separate Defendants admit that Officer Starks continued to fire his service weapon into the stolen Nissan Altima while bent onto and facing the windshield of the stolen Nissan Altima.   Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations in paragraph 53 of the Complaint and therefore deny the same.

54.    Separate Defendants admit the allegations in paragraph 54 of the Complaint.

55.    In response to paragraph 55 of the Complaint, Separate Defendants admit that when Officer Simpson's patrol vehicle made contact with the stolen Nissan Altima, Officer Starks fell off of the stolen vehicle's hood.

56.     Separate Defendants deny the allegations in paragraph 56 of the Complaint. Pleading further, Officer Simpson asserted in his statement to LRPD's detective division that when he exited his vehicle and encountered Mr. Blackshire, "I told him [Mr. Blackshire] to show me his hands multiple times.  And he did not do so at this time.  His head was moving backwards.  I, I didn't know if he if he was going unconscious at this time or if he was reaching for a firearm.  So I continued to point my firearm at him."

57.     Separate Defendants admit the allegations in paragraph 57 of the Complaint.

58.     In response to paragraph 58 of the Complaint, Separate Defendants admit that Mr. Blackshire bled from his wounds.  Pleading further, LRPD officers applied a tourniquet to Mr. Blackshire's arm, chest seals to the wounds on his upper torso, and performed chest compressions on him until paramedics arrived.

59.     Separate Defendants admit that Officers Starks and Simpson did not administer CPR on Mr. Blackshire.  Pleading further, shortly after Officer Simpson rammed the stolen Nissan Altima and exited his patrol vehicle, the stolen Nissan Altima accelerated through the parking lot and crashed into a chain link fence.  The stolen vehicle crashed next to a large tree on the driver's side door which rendered the driver's side door inoperable.  Moments later when Desaray Clarke, the passenger in the stolen Altima, emerged from the wreckage she informed both officers that Mr. Blackshire was armed.  As such, Officer Simpson covered Mr. Blackshire with his service weapon until other LRPD officers arrived to the scene, removed Mr. Blackshire from the vehicle and rendered emergency aid.  Officer Starks started shooting Mr. Blackshire at 11:10 am, LRPD officers administered emergency aid at 11:13 am.

60.     Separate Defendants deny the allegations in paragraph 60 as plead.  Pleading further, at 11:13 am LRPD officers were able to remove Mr. Blackshire from the vehicle through the rear driver's side door, and at 11:15 am LRPD notified MEMS (paramedics) that the scene was secure to enter.

61.     Separate Defendants deny the allegation in paragraph 61 of the Complaint.

62.     Separate Defendants deny the allegation in paragraph 62 of the Complaint.

63.     Separate Defendants admit that LRPD notified MEMS (paramedics) at 11:15 am that the scene was safe to enter.

64.     Separate Defendants admit the allegation in paragraph 64 of the Complaint.

65.     Paragraph 65 does not contain allegations against Separate Defendants that require a response pursuant to Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 65 otherwise, Separate Defendants deny each and every material allegation.

66.     Paragraph 66 does not contain allegations against Separate Defendants that require a response pursuant to Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 66 otherwise, Separate Defendants deny each and every material allegation.

67.     Paragraph 67 does not contain allegations against Separate Defendants that require a response pursuant to Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 67 otherwise, Separate Defendants deny each and every material allegation.

68.     Paragraph 68 does not contain allegations against Separate Defendants that require a response pursuant to Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 68 otherwise, Separate Defendants deny each and every material allegation.

69.     Separate Defendants admit the allegation in paragraph 69 of the Complaint.

-10-

70.     Separate Defendants admit the allegations in paragraph 70 of the Complaint.

71.     Separate Defendants deny the allegations in paragraph 71 of the Complaint. Pleading further, Lt. Gilbert is not a policymaker for the City of Little Rock, or the LRPD.

72.     Separate Defendants admit that the City did not terminate Officer Starks, and deny the remaining allegations in paragraph 72 of the Complaint.  Pleading further, when Lt. Gilbert made these recommendations there were no policy violations sustained against Officer Starks involving excessive or deadly force.

73.     Separate Defendants deny the allegations in paragraph 73 of the Complaint. Pleading further, Josh Hastings's employment with the LRPD was terminated in 2012 for violation of the LRPD's deadly force policy; Chief Kenton Buckner sustained a violation of the LRPD's deadly force policy against Ralph Breshears, who retired prior to the completion of the LRPD's internal investigation of the shooting; and Separate Defendant Charles Starks's employment with the LRPD was terminated on May 6, 2019, because Chief Humphrey determined that his actions in the instant case violated the LRPD's deadly force policy.  A copy of the letters of termination for Josh Hastings and Charles Starks are incorporated herein and attached hereto as **Exhibits "A1-A2."**  A copy of Chief Buckner's final disciplinary evaluation of Ralph Breshears is attached hereto and incorporated herein as **Exhibit "A-3."**

74.     In response to paragraph 74 of the Complaint, Separate Defendants admit that the LRPD has an early intervention system that tracks uses of force.  The City denies the remaining allegations in paragraph 74 of the Complaint.

75.     Separate Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Separate Defendants deny the allegations in paragraph 76 of the Complaint.

77.     In response to paragraph 77 of the Complaint, Separate Defendants admit that General Order ("G.O.") 303(E)(1) governs discharging firearms at moving vehicles or into structures, and states that, "[D]ischarging firearms at a moving or fleeing vehicle is prohibited, unless it is necessary to prevent imminent death or serious physical injury to the officer or another person."

78.     Separate Defendants admit that LRPD Officers have discharged their weapons at and into moving vehicles in order to prevent death or serious physical injury to an LRPD officer or another individual.  Separate Defendants deny the remaining allegations in paragraph 78 of the Complaint.

79.     Separate Defendants admit that in 2007, Officers Joshua Black and Erik Temple fired upon a Jeep that was purposely accelerating toward them at a high rate of speed.  Separate Defendants deny the remaining allegations in paragraph 79.

80.     Separate Defendants deny the allegations in paragraph 80.  Pleading further, in December of 2011, Officer Johannes approached a vehicle driven by Joseph Williams at Park Plaza mall.  When Joseph Williams saw Officer Johannes approaching he hurriedly got into his car and violently reversed out of his parking space.  Williams almost struck Officer Johannes, a security guard and a bystander.  When Joseph Williams stopped to put the car in drive, he either ignored or did not hear Officer Johannes verbal commands to exit the vehicle.  Joseph Williams put the car in drive, Officer Johannes noticed that the wheels were pointed in his direction and believed another security guard was in Joseph Williams's path as well, and when Williams accelerated toward Johannes he fired to protect his life and the life of the security guard he believed to be in Williams's path.  This Court granted the City of Little Rock Summary Judgment on

-12-

Williams and his co-Plaintiffs' *Monell* claims, and the issue of qualified immunity for Officer Johannes is presently being considered by the Eighth Circuit Court of Appeals.

81.     In response to paragraph 81 of the Complaint, Separate Defendants admit that Officers John Brawley, Brandon Smith, and Jeffery Alexander were involved in a shooting in 2005.  The LRPD investigated the shooting and the officers were exonerated of a violation of GO 303.  Separate Defendants deny the remaining allegations in paragraph 81.

82.     In response to paragraph 82 of the Complaint, the City admits that Officer Arthur McDaniel employed deadly force on a vehicle driven by Millis Farnam.  Pleading further, Mr. Farnam reversed his vehicle toward Officer McDaniel at a high rate of speed.  He nearly struck Officer McDaniel and crashed into Officer McDaniel's patrol vehicle.  The Prosecuting Attorney found that Officer McDaniel's use of force was justified and Chief Stuart Thomas of the LRPD exonerated him of any policy violation stemming from the incident.  Finally, no court has ruled Officer McDaniel's use of force unconstitutional.

83.     Separate Defendants admit the allegations in paragraph 83 of the Complaint.

84.     In response to paragraph 84 of the Complaint, Separate Defendants admit that Officer Ralph Breshears employed deadly force on Rudy Avila in 2017.  Separate Defendants deny the remaining allegations in paragraph 84 of the Complaint.  Pleading further, Chief Kenton Buckner sustained a violation of G.O. 303 against Officer Breshears after finding that his use of deadly force against Mr. Avila violated G.O. 303.  Separate Defendants also admit that Officer Breshears's employment with the LRPD was terminated in 2003, and that the Little Rock Civil Service Commission ("Commission") upheld his termination.  However, Officer Breshears appealed the Commission's ruling to the Pulaski County Circuit Court, which overturned the

Commission and reinstated his employment with the LRPD on April 11, 2005.  See Exhibit "**A-3.**"

85.     In response to paragraph 85 of the Complaint, Separate Defendants admit that Josh Hastings shot and killed Bobby Moore, who was operating a moving car.  The City denies the remaining allegations in paragraph 85 of the Complaint.  Pleading further, the City terminated Josh Hastings because his use of deadly force against Bobby Moore violated G.O. 303.  Also, in the civil lawsuit that derived from Hastings's use of force the Eighth Circuit recently upheld the district court's grant of summary judgment to the City of Little Rock, Arkansas on the Plaintiff's *Monell* allegations[1].  See Exhibit "**A-1**."

86.     In response to paragraph 86 of the Complaint, Separate Defendants admit that Officer McDaniel shot and killed Deon King in 2013.  Pleading further, Mr. King fled on foot from a suspected stolen suburban, and Officer McDaniel pursued him on foot.  During the pursuit a firearm fell from Mr. King's waste, and he picked it up and turned toward Officer McDaniel.  In response, Officer McDaniel fired three shots and fatally wounded Deon King.

87.     Separate Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Separate Defendants deny the allegations in paragraph 88 of the Complaint.

89.     In response to paragraph 89 of the Complaint, the City denies that it has an official policy requiring LRPD officers to barricade suspect vehicles.  Separate Defendants deny the remaining allegations in paragraph 89 of the Complaint.

90.     In response to paragraph 90 of the Complaint, the City admits that a LRPD Lieutenant Dana Jackson described the tactic or strategy of "boxing-in" unaware drivers when

---

[1] See Doc 74, 159, 4:15-cv-310

executing a traffic stop as a "policy."  Pleading further, Lt. Jackson does not make policy for the LRPD, and while the LRPD may train patrolmen to utilize this tactic in certain situations, that training does not amount to an official policy of the LRPD.

91.     Separate Defendants deny the allegations in paragraph 91 of the Complaint.

92.     In response to paragraph 92 of the Complaint, Separate Defendants admit that Lt. Jackson wrote the quoted material in his disciplinary evaluation.  Pleading further, its speculation.

93.     In response to paragraph 93 of the Complaint the City denies that blockading unsuspecting motorists to effectuate a traffic stop is an official policy of the LRPD.

94.     In response to paragraph 94 of the Complaint, while Lt. Jackson recommended revisions to the LRPD's approach to training on traffic stops, Officer Wayne Kelley testified at Officer Starks's July 25, 2019, Civil Service Commission hearing that LRPD officers receive training on high risk traffic stops and one tenet of that training is to stay 18-24 feet away and wait for back up before engaging the suspect.

95.     Separate Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Separate Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Separate Defendants deny that any action taken by them in the shooting death of Bradley Blackshire caused him "to suffer mightily."

98.     In response to paragraph 98 of the Complaint, Separate Defendants deny that their actions deprived Mr. Blackshire of the "opportunity to grow and improve as a provider for his family and supporter of his community."  Pleading further, at the time of Mr. Blackshire's death he'd been arraigned in case number 60CV-18-4157 in Pulaski County, Arkansas Circuit Court for charges of violating Ark. Code. Ann. § 5-74-106 Simultaneous Possession of Drugs and Firearms,

-15-

a class Y felony[2]; Ark. Code. Ann. 5-73-103(c)(1) Possession of Firearms by Certain Persons, a class B felony[3]; and Ark. Code. Ann. 5-64-420(b)(2) Possession of more than two grams but less than 10 grams of Methamphetamine/Cocaine, a class B felony.  In addition, in case number 60CR-15-1684, Mr. Blackshire was convicted of violating Ark. Code Ann. § 5-26-305(b)(1), Domestic Battering in the 3rd degree, an A misdemeanor.[4]  In case number 60CR-12-3032 Mr. Blackshire was convicted of violating Ark. Code. Ann. § 5-73-103 Possession of Firearms by Certain Persons, a class D Felony.[5]  In case number 60CR-12-2229 Mr. Blackshire was convicted of violating Ark. Code. Ann. § 5-3-201 Criminal Attempt, a class B felony and Ark. Code. Ann. § 5-54-125 Fleeing, a class C misdemeanor.[6]  Further, at the time of Mr. Blackshire's death there was an outstanding pick up order issued by the 16th division of the Pulaski County Circuit Court, case number DR-11-292 for failure to timely pay his child support obligation.  Mr. Blackshire was ordered to pay $10.40/weekly on an arrearage or $20,753.54.  Certified copies of Mr. Blackshire's convictions in case numbers 60CR-15-1684, 60CR-12-3032 and 60CR-12-2229 are attached hereto and incorporated herein as Exhibits "B1-B3."  A copy of the December 13, 2018, Pick Up Order in case number DR-11-292 is attached hereto and incorporated herein as Exhibit "C."

99.    In response to paragraph 99 of the Complaint, Separate Defendants deny that they committed any "fatal" or "unlawful" action against Mr. Blackshire that caused his death.

---

[2] The sentencing range for a class Y felony is ten (10) to forty (40) years or life in the Arkansas Department of Corrections.  Ark. Code Ann. § 5-4-401(a)(1)
[3] The sentencing range for a class B felony is five (5) to twenty (20) years in the Arkansas Department of Corrections.  Ark. Code Ann. § 5-4-401(a)(3)
[4] The sentencing range for a class A misdemeanor is up to one year in jail. Ark. Code Ann. § 5-4-401(b)(1)
[5] The sentencing range for a class D felony is zero (0) to six (6) years .Ark. Code Ann. § 5-4-401(a)(5)
[6] The sentencing range for a class C misdemeanor is up to thirty (30) days in jail. Ark. Code Ann. § 5-4-401(b)(3)

100.    Paragraph 100 of the Complaint does not contain allegations against Separate Defendants that require a response as required by Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 100 otherwise, Separate Defendants deny each and every material allegation.

101.    Paragraph 101 of the Complaint does not contain allegations against Separate Defendants that require a response as required by Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 101 otherwise, Separate Defendants deny each and every material allegation.

## COUNT I – EXCESSIVE DEADLY FORCE

102.    Separate Defendants reaffirm and reiterate their response to paragraphs 1 through 101 in response to paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint does not contain allegations against Separate Defendants that require a response as required by Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 103 otherwise, Separate Defendants deny each and every material allegation.

104.    Paragraph 104 of the Complaint does not contain allegations against Separate Defendants that require a response as required by Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 104 otherwise, Separate Defendants deny each and every material allegation.

## COUNT II – FAILURE TO PROVIDE MEDICAL CARE

105.    Separate Defendants reaffirm and reiterate their response to paragraphs 1 through 104 in response to paragraph 105 of the Complaint.

106.    Separate Defendants admit that neither Officer Starks nor Officer Simpson rendered medical care to Mr. Blackshire.  Pleading further, immediately after the stolen Altima crashed into the chain link fence, the passenger of the Altima alerted Officer Starks that Mr. Blackshire was armed.  For officer safety reasons, Officer Simpson continued to cover Mr.

Blackshire with his service weapon, requesting that Mr. Blackshire show his hands, until other LRPD officers arrived, and ascertained the location of Mr. Blackshire's firearm.  However, within 3 minutes of the shooting LRPD officers were rendering medical aid to Mr. Blackshire by performing CPR, applying tourniquet to his wounded arm, and a chest seals over the wounds to his torso.

107.    Separate Defendants deny the allegations in paragraph 107 of the Complaint.

108.    Separate Defendants deny the allegations in paragraph 108 of the Complaint.

## COUNT III – MUNICPAL LIABILITY

109.    Separate Defendants reaffirm and reiterate their response to paragraphs 1 through 108 in response to paragraph 109 of the Complaint.

110.    Separate Defendants deny the allegations in paragraph 110 of the Complaint.

111.    Separate Defendants deny the allegations in paragraph 111 of the Complaint.

112.    Separate Defendants deny the allegations in paragraph 112 of the Complaint.

113.    Separate Defendants deny the allegations in paragraph 113 of the Complaint.

114.    Separate Defendants deny the allegations in paragraph 114 of the Complaint.

115.    Separate Defendants deny the allegations in paragraph 115 of the Complaint. Pleading further, Separate Defendants exhibits "A-1"-"A-3" show that the LRPD has not been deliberately indifferent to uses of deadly force that violate G.O. 303.  Further, the LRPD's investigatory practices in cases of police shootings have been litigated extensively in *Ellison v. Lesher et al.*[7]; *Perkins v. Hastings et al.*[8], *Malone v. Hineman et al.*[9], *Campbell v. Johannes et*

---

[7] See Doc 170, 4:11-cv-752
[8] See Doc 74, 159, 4:15-cv-310
[9] See Doc 36, 47 4:13-cv-403

*al.*[10], and *Cole v. Hutchins et al.*[11]. In each of the foregoing the district court granted summary judgment to the City of Little Rock on pattern and practice claims, and in *Perkins*, the Eighth Circuit upheld the grant of summary judgment on the pattern and practice claim.

116.    Separate Defendants deny the allegations in paragraph 116 of the Complaint.

117.    Separate Defendants deny the allegations in paragraph 117 of the Complaint.

## COUNT IV – ACRA

118.    Separate Defendants reaffirm and reiterate their response to paragraphs 1 through 117 in response to paragraph 118 of the Complaint.

119.    Separate Defendants deny the allegations in paragraph 119 of the Complaint.

## COUNT V – ASSAULT AND BATTERY

120.    Separate Defendants reaffirm and reiterate their response to paragraphs 1 through 119 in response to paragraph 120 of the Complaint.

121.    Separate Defendants admit that Officers Starks and Simpson held Mr. Blackshire at gunpoint. Pleading further, Mr. Blackshire was operating a stolen Nissan Altima, being verbally noncompliant, and he struck Officer Starks with the stolen vehicle attempting to flee. Further, Mr. Blackshire's passenger in the stolen vehicle, Deseray Clarke informed the officers that Mr. Blackshire was armed.

122.    Paragraph 122 does not contain allegations against Separate Defendants that require a response pursuant to Fed. R. Civ. P. 8(a). To the extent that this Court construes paragraph 122 otherwise, Separate Defendants deny each and every material allegation in paragraph 122.

---

[10] See Doc 48, 4:17-cv-77
[11] See Doc 72 4:17-cv-553

123.    Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 123 of the Complaint and therefore deny the same.

## COUNT VI – STATE LAW WRONGFUL DEATH

124.    Separate Defendants reaffirm and reiterate their response to paragraphs 1 through 123 in response to paragraph 124 of the Complaint.

125.    Separate Defendants deny the allegations in paragraph 125 of the Complaint.

126.    Separate Defendants deny the allegations in paragraph 126 of the Complaint.

127.    Paragraph 127 of the Complaint does not contain allegations against Separate Defendants that require a response pursuant to Fed. R. Civ. P. 8(a).  To the extent that this Court construes paragraph 127 otherwise, Separate Defendants deny each and every material allegation.

128.    Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 128 of the Complaint and therefore deny the same.[12]

## COUNT VII – STATE LAW SURVIVAL ACTION

129.    Separate Defendants reaffirm and reiterate their response to paragraphs 1 through 128 in response to paragraph 129 of the Complaint.

130.    Separate Defendants deny the allegations in paragraph 130 of the Complaint.[13]

131.    Separate Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations in paragraph 131 of the Complaint and therefore deny

---

[12] Separate Defendants are especially skeptical of this claim due to the Circuit Court's findings outlined in Exhibit "C."

[13] Plaintiff filed a motion to substitute Brittany Walls for Kim Blackshire Lee on July 24, 2019.  This Court subsequently granted the motion.

the same.   Pleading further, according to Mr. Blackshire's passenger, Deseray Clarke, Mr.

Blackshire smoked methamphetamine sometime prior to his encounter with Officer Starks.

132.   Separate Defendants deny the allegations in paragraph 132 of the Compliant.

## COUNT VIII –INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

133.   Separate Defendants reaffirm and reiterate their response to paragraphs 1 through

132 in response to paragraph 133 of the Complaint.

134.   Separate Defendants deny the allegations in paragraph 134 of the Complaint.

135.   Separate Defendants deny the allegations in paragraph 135 of the Complaint.

## AFFIRMATIVE DEFENSES

136.   Plaintiff has failed to state a claim against Separate Defendants under any of the

counts contained in the Complaint.  The Complaint should therefore be dismissed pursuant to Fed.

R. Civ. P. 12(b)(6).

137.   Separate Defendants deny that any constitutional violation occurred as set forth in

the Complaint.

138.   Separate Defendants deny that any constitutional violation occurred as a result of

any City policy, practice, conduct or custom as alleged in the Complaint.  Pleading further, in

Count III of the Complaint, Plaintiff seeks to hold the City liable because she claims the City "fails

to adequately investigate and discipline prior instances of misconduct, and that emboldened LRPD

officers to believe that their misconduct would never be "meaningfully scrutinized."  The same

claim has been made in recent lawsuits against the City of Little Rock, Arkansas and each one has

been unsuccessful as demonstrated by the orders referenced in footnotes 7-11.  The City's

investigative process was again upheld in the *Perkins* litigation, and affirmed by the eighth Circuit

Court of Appeals in March of 2019. As such the City has never been placed on notice that there is anything constitutionally suspect about the manner in which the LRPD handles investigation and discipline. Finally, Separate Defendants refer to exhibits "A-1" – "A-3" which demonstrate that LRPD officers, including Officer Starks are terminated where they have been found to violate G.O. 303 directives on deadly force.

139. Separate Defendants deny that any constitutional misconduct alleged by Plaintiff was caused by a City custom, policy or practice.

140. Separate Defendants assert any and all statutes of limitations applicable to the allegations contained in the Complaint.

141. Separate Defendants assert any and all doctrines of immunity under the law including, but not limited to, qualified, absolute, tort, and statutory immunity.

142. Officer Simpson acted in an objectively reasonable manner based upon the facts and circumstances made known to him on February 22, 2019, and is therefore entitled to qualified immunity in his individual capacity.

143. The LRPD has conducted complete, thorough, and meaningful investigations of all allegations of police misconduct by LRPD officers, including the allegations that are the subject of the Complaint.

144. Separate Defendants deny each and every material allegation in the Complaint not specifically admitted to herein.

145. Defendants join in Plaintiff's demand for a jury trial.

146. Many paragraphs in the Complaint contain references to prior allegations misconduct by LRPD officers, but do not name specifically the officer or reference the disciplinary

file.  Separate Defendants may seek leave of Court to amend their Answer if Plaintiff provides the

identity of the documents or Separate Defendants are able to otherwise make the determination.

Respectfully Submitted,


Thomas M. Carpenter
Bar No. 77024
City Attorney
500 West Markham Suite 310
Little Rock, AR 72201
Telephone:  (501) 371-4527
Email: tcarpenter@littlerock.gov

Alexander J. Betton, 2009275
Chief Deputy City Attorney
500 West Markham Suite 310
Little Rock, AR 72201
Telephone: (501) 371-4527
Email:  abetton@littlerock.gov