IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRITNEY DAVIS, as Special Administratrix
of the Estate of Bradley Blackshire, Deceased;                    PLAINTIFF

v.                         Case No. 4:19CV00398 - BRW

CHARLES STARKS, Officer; MICHAEL
SIMPSON, AND Officer  LITTLE ROCK,
CITY OF,                                                DEFENDANTS

## FINAL SCHEDULING ORDER

This case is rescheduled for jury trial before the Court on ***October 13, 2020 at 9:30 a.m.**,** in

Richard Sheppard Arnold United States Courthouse, Courtroom #A401, 500 West Capitol, Little

Rock, Arkansas 72201.  Any trial conflicts indicated by the parties in their Rule 26(f) Report will

be addressed closer to this trial date if the conflict has not been resolved.

The discovery cutoff is **July 15, 2020**; any dispositive motions must be filed by **July 30,**

**2020**; **responses are due 14 days after the filing of the motion; replies are due 7 days after**

**the filing of the response**. **Daubert motions must be filed by July 30, 2020.**

Pre-trial Disclosure Sheets are due **September 15, 2020**.  (The Outline for Pre-trial

Disclosure Sheet is attached.)  Objections to opposing parties' Pre-trial Disclosure Sheets will be

due on **September 28, 2020**.

An **agreed set of closing jury instructions** must be submitted to the court **ten (10) days**

**before trial**.  Any instructions not agreed upon must be submitted to the court by this same date

with citation of authority noted thereon.  Jury instructions must be submitted in WordPerfect

format and may be sent to Judge Wilson's Chamber Email box at

brwchambers@ared.uscourts.gov.

Case-in-chief expert disclosures, including the Reports, must be made by **June 15, 2020**, and rebuttal expert disclosures, including the Reports, must be made by **July 15, 2020** (pursuant to FRCP 26(a)(2)).  These Disclosures must be in writing, signed and served.  They are <u>not</u> to be filed in the Clerk's Office.

Exhibits are to be made available to all parties and reviewed by counsel prior to the trial date.  All exhibits that can be stipulated to will be received by the Court at the beginning of trial.

List all exhibits on the enclosed form, and arrive no later than 8:15 a.m. on the day of trial for the purpose of checking in and delivering exhibit lists to the Courtroom Deputy.

You are reminded that if any witness plan to "explain" his/her testimony with a chalk board, flip chart, drawing, or a computer creation, this fact must be disclosed to opposing counsel well in advance of trial.  The earlier the better.

**If you anticipate using electronic equipment during trial (e.g., videos, PowerPoint, Elmo, etc.), you must notify Melanie Beard no later than three (3) weeks before your scheduled trial date.  Failure to notify her could result in you having to forgo using electronic equipment altogether.**

If you wish to bring electronic devices to the courthouse for any proceeding, please note General Order No. 54, which is attached to this Final Scheduling Order.

In case of settlement, notify Melanie Beard, by mail at 500 West Capitol Avenue, Room A401A, Little Rock, Arkansas 72201, by telephone at 501.604.5144 or by email at melanie_beard@ared.uscourts.gov

IT IS SO ORDERED Dated: September 12, 2019

AT THE DIRECTION OF THE COURT

Melanie Beard
Courtroom Deputy

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### 600 WEST CAPITOL, SUITE A403
### LITTLE ROCK, ARKANSAS 72201
### 501.604.5140
### Facsimile 501.604.5149
### October 3, 2011

**BILL WILSON**
**JUDGE**

Dear Lawyers:

<u>READ THIS LETTER!</u>

Enclosed is the Scheduling Order which contains mandates not suggestions.

If you feel like a pending motion needs attention, please write Ms. Melanie Beard and opposing counsel (copy to the Clerk).  These letters are encouraged.

Before filing a motion to extend or to continue, please refer to Local Rule 6.2.

**BEFORE FILING A DISCOVERY MOTION, PLEASE ATTEMPT TO PLACE A CONFERENCE CALL TO ME.  THESE CALLS WILL BE GIVEN PRIORITY, ESPECIALLY THOSE MADE DURING A DEPOSITION.**

Please note that Rule 30 F.R.C.P.(d)(1) provides:

> Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and
> non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve
> a privilege, to endorse a limitation on evidence directed by the court, or to present a motion under Paragraph (3).

The Court will meet violations of the Rule with stern measure. See *Hall v Clifton Precision,* 150 F.D. 525 (E.D. Pa. 1993) for "a word to the wise."

When filing a Motion for Summary Judgment, attach  <u>ONLY</u> the pertinent parts of a deposition for the Court's review.

The offering party must designate the pertinent portions of an evidentiary deposition 45 days before trial. Counter designations must be made 30 days before trial.  Objections to depositions or videotapes which will be used at trial and motions in limine must be made, in writing, indicating the specific objections, 20 days before trial with a response due 5 days later.

The Pretrial Disclosure Sheet should be used to pare down your witness and exhibit list, and may <u>not</u> by used to add witnesses or other evidence not disclosed in discovery responses.  Rebuttal witnesses <u>must</u> be disclosed if their identities are known – in discovery, as well as on the Pretrial Disclosure Sheet.  Holding back evidence for rebuttal is risky because it must be true rebuttal, and I construe this very strictly.

Charts, diagrams, models and other "visual aides" must be disclosed to opposing counsel with other exhibits. See 2, McCormick on Evidence, Sec. 213 (5th ed. 1999).

 If any witness plans to "explain" his/her testimony with a chalk board, flip chart, drawing, or a computer creation, this fact must be disclosed to opposing counsel well in advance of trial.  The earlier the better.

Before trial, counsel should submit a succinct "agreed upon" statement of the case to be read to the jury at the start of the Court's voir dire.  If counsel can't agree, please submit separate statements.

After several years on the bench, I believe that an overly long cross examination is the most common fault of trial lawyers.  Far too many treat cross examinations are an "invasion of Normandy" rather than a "blitzkrieg" (to borrow from Irving Younger).  I highly recommend that you read, and heed, Younger's <u>10 Commandments for Cross Examination</u>.  If you are aware of any article or treatise which advocates these long cross examinations, please send me the cite(s).

The witness is not a ping pong ball – re-direct and re-cross should be very spare, if done at all.

We are all obligated to keep the time of the jurors in mind. If it appears that long, rambling examinations are part of your <u>modus operandi</u>, I may well set presumptive time limits for direct and cross.

Cordially,
/s/Billy Roy Wilson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 W. CAPITOL, ROOM A403
LITTLE ROCK, ARKANSAS 72201-3325
(501)604-5140
Facsimile (501)604-5149

Dear Counsel:

Six (6) weeks before trial I would like estimates of how long it will take for both direct and cross examination of the witnesses.

In order to meet this deadline, the parties are directed to exchange estimates of the time required to do direct examination of your witnesses seven (7) weeks before trial.  After you have traded estimates on direct examination, you have one week to respond with estimates of time for cross examination of the other sides' witnesses. By the deadline above, the parties should provide me with a list of their witness, a time estimate for direct examination, and a short synopsis (2-3 sentences) of the expected testimony.

Have a nice day.

Cordially,

Billy Roy Wilson

Original to the Clerk of the Court
cc: Other Counsel of Record

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE MATTER OF ELECTRONIC DEVICES
IN THE COURTHOUSE

APR 1 6 2009

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

<u>AMENDED GENERAL ORDER NO. 54</u>

IT IS HEREBY ORDERED:

1.    Electronic devices are prohibited in courthouses beyond the security checkpoint except as allowed by this General Order and Local Rule 83.2.

2.    The prohibition in paragraph 1 does not apply to the possession of electronic devices by employees and visiting employees of courthouse tenant agencies and contractors approved by the General Services Administration.

3.    Members of the public may bring into a courthouse cell phones, Blackberries and PDA type devices that do not have the capacity to take photographs or to make films.  However, each cell phone, Blackberry or PDA type device must be turned off and put away before a person carrying it enters into a courtroom and must remain off and remain put away while in the courtroom.

4.    Lawyers and staff employed by the Department of Justice or the Federal Public Defender's Office may bring cell phones, laptop computers, Blackberries and PDA type devices into courthouses whether or not those devices have the capacity to take photographs or make films.

5.    Upon request, the Court may issue an order authorizing other lawyers, their staff or  support personnel, and law  enforcement officers attending a proceeding to bring cell phones, laptop computers, Blackberries, and PDA type devices into a courthouse while attending the proceeding whether or not those devices have the capacity to take photographs or films.  An

order authorizing a lawyer, his/her staff or support personnel, or law enforcement officer to bring an electronic device into a courthouse will identify the person so authorized by name and specify the date or dates during which permission is granted.  That person must then present the order and a photo I.D. to Court Security Personnel at the security checkpoint.  A person who is allowed an electronic device into a courthouse pursuant to this paragraph, and has subsequent court hearings within the courthouse on the same day, will be allowed to retain the electronic device during his or her time at the courthouse.

6.     Active attorneys licensed to practice in Arkansas and the Eastern District of Arkansas may request issuance of a "Court Technology Permit" by the Clerk of the Court.  The permit card will be effective for two years.  The Clerk will issue the permit card to those attorneys who make written request when paying their biennial assessment.  The permit card will contain the attorney's name, firm, city, state and Arkansas bar number.  If an attorney presents a permit card and a photo identification upon entering the courthouse, he or she will be allowed to bring cell phones, lap tops, Blackberries and PDA type devices into the courthouse whether or not those devices have the capacity to take photos or make film.  The permit card will be renewable, upon request, by the Clerk's office upon collection of the $10 biennial assessment.  In the event an attorney's permit is lost, the attorney should notify the Clerk's office as soon as possible.

7.     A person who brings an electronic device into a courthouse pursuant to paragraphs 4, 5, and 6 above will be subject to the following rules:

(a)     that person may not record, photograph, or film anyone or anything inside the the courthouse;

2

    (b)    cell phones, Blackberries or PDA type devices must be turned off and put away when in courtrooms; and

    (c)    wireless internet components of electronic devices must be deactivated when in district courtrooms.

The United States Marshals Service is hereby directed to enforce this General Order.  A violation of paragraph 7(a), (b), or (c) may result in seizure of the electronic device, withdrawal of the privilege to bring an electronic device into the courthouse, or other sanctions.  A violation of the prohibition on recording, photographing, or filming anyone or anything inside the courthouse may be punished as contempt of court.

    8.    Before persons with electronic devices are granted entry into the courthouse, all devices must be examined by the United States Marshals Service or Court Security Personnel. This examination includes, but is not limited to placing the device through electronic screening machines and requiring the person possessing the device to turn the power to the device off and on.

    9.    The United States Marshals Service may further restrict electronic devices from entering the building should a threat assessment so dictate.

    IT IS SO ORDERED this 16th of April, 2009.


J. LEON HOLMES, CHIEF JUDGE

3

## LOCAL RULE 26.2
## OUTLINE FOR FED.R.CIV.P. 26(a)(3) PRETRIAL DISCLOSURE SHEET

**The Fed.R.Civ.P. 26(a)(3) Pretrial Disclosure Sheet filed with the court must contain:**

(1)   The identity of the party submitting information.

(2)   The names, addresses, and telephone numbers of all counsel for the party.

(3)   A brief summary of claims and relief sought.

(4)   Prospects for settlement.  (Note: The Court expects attorneys to confer and explore the possibility of settlement prior to answering these inquiries.)

(5)   The basis for jurisdiction and objections to jurisdiction.

(6)   A list of pending motions.

(7)   A concise summary of the facts

(8)   All proposed stipulations.

(9)   The issues of fact expected to be contested.

(10)  The issues of law expected to be contested.

(11)  A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence.  Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.

(12)  The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call.  Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.

(13)  The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.

(14)  An estimate of the length of trial and suggestions for expediting disposition of the action.

(15)  The signature of the attorney.

(16)  Proof of service.

**Effective December 1, 2000.**

# United States District Court

_____ DISTRICT OF _____

_____ DIVISION

<u>WITNESS LIST</u>

v.

CASE NUMBER:

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |

| DESCRIPTION OF WITNESSES |
|---|
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

# United States District Court

_____ DISTRICT OF _____
_____ DIVISION

EXHIBIT LIST

v.

CASE NUMBER:

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |

| PLF NO. | DEF NO. | DATE OFFERED | obj. | stip. | red. | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

# MEMORANDUM

**TO:**       **LAWYERS**

**FROM:**   **JUDGE WILSON**

**DATE:**    **February 22, 2011**

**RE:**       **GUIDELINES FOR TRIAL**

---

Please <u>carefully</u> read the following:

1.      Be prepared, during the court portion of the *voir dire*, to identify your client(s), representative of your party, your paralegal and others who may be at counsel table during the trial.

2.      For *voir dire*:

a. Take long enough, but not too long (20 minutes per party should usually be enough).

b. Ask questions <u>of the entire panel</u>, unless there is a reasonable ground for singling out an individual juror (examples: something on the jury questionnaire form, such as former employment if the juror has listed "retired"; juror raises hand in response to a general question, etc.) – <u>but do not</u> single out a juror unless there is truly a reasonable ground for doing so.

c. If there are questions you would prefer that I ask, please advise.  Do <u>not</u> cover the same ground that I have covered.

d. Please let me know, (before trial), if there are any questions you may want to ask which might be in a "sensitive" area (psychological treatment, convicted of crime, etc).

e. Ask questions – no soften-'em-up speeches.

f. Challenges for cause may be made at the bench.  Absent unusual circumstances, these challenges should be made during *voir dire,* contemporaneously, and may well be denied as untimely if raised, for the first time, during the time counsel are in the process of exercising peremptory strikes.

1

   g. Ask pointed – not open ended – questions. No speeches.

   h. The purpose of a proper voir dire is to ferret out "fixed notions – not to "pump 'em ful of fairness."

   I. I want to avoid correcting counsel in front of the jury, but I ain't too good to.

  3. Objections and motions before the jury should be very spare (examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness didn't read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember". [Obviously these "speaking objections" would suggest an answer]). While bench conferences can be distracting, they are preferable to statements such as those cited above. Most objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.) "The question assumes a fact not in evidence" is one of those rare acceptable exceptions to the one to three word rule.

  4. To repeat: speaking objections and sidebar comments are strictly inappropriate.

  5. With respect to identifying persons whom I will want to *voir dire* the jury about:

   a. Please advise opposing counsel and me before *voir dire* of any person known to you or to your client who may come to counsel table or who may be seen during the trial with you, your client or your witness. Of course, you may not be able to anticipate all such persons, but counsel are instructed to take affirmative action in this regard.

   b. Please consult with your respective clients and advise opposing counsel and me of the names of family members, friends and others who may come to the trial as spectators (full or part time).

   c. You will be asked to identify your prospective witnesses to the prospective jurors. You will also be asked to identify your expected (and possible) spectators. If a friend of a juror later shows up during the course of the trial as a spectator and is seen (by the jurors) visiting with you and/or your client, I may conduct a hearing if the spectator wasn't previously identified.

   d. If you learn after the trial has started that some such person may attend, please bring this to my attention at once.

  6. Please advise opposing counsel, and me, before jury selection starts, of any jurors who may have any "connection" with the case, partners, witnesses, lawyers, your spectators, etc. I want to deal with this on the record before selection starts.

  7. Please stand when you speak, in every instance.

8. Please do <u>not</u> address parties or witnesses by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

9. Please let me know--in advance--if you think your opening statement will exceed 20 minutes.

10. Please do not "submit" a witness as an expert. When you think you have established a witness's qualifications, start your substantive questions. Opposing counsel can object, or ask to take the witness on *voir dire* regarding qualifications. I do not want to "certify" a witness as an expert--this is an unnecessary (and perhaps unwarranted) step.

11. I realize that a trial is not a trial ad course, but counsel are expected to pare their examination of witnesses to the essentials. It is good advocacy to do this, but, be that as it may, jurors are sacrificing to be here. They should not be punished by belabored examination. I recommend, as a starter, listening to, or reading, Irving Younger's <u>10 Commandments of Cross-Examination</u>. TV programs may be good entertainment, but their witness examinations are <u>not</u> for the real courtroom.

12. Read each of the paragraphs above, <u>and</u> take them to heart.