FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 03 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRITNEY WALLS                                                                                                PLAINTIFF

Vs.                                                      No. 19-cv-398

CHARLES STARKS, ET AL.                                                       DEFENDANTS

## MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER, AND INCORPORATED BRIEF IN SUPPORT THEREOF

COMES Dr. Victor Biton ("Biton"), by and through his attorneys, Barber Law Firm PLLC, and for his Motion to Quash, for Protective Order, and Incorporated Brief, pursuant to the Federal Rules of Civil Procedure, states:

1. Biton is not a party to this action, but he received a Subpoena commanding document production concerning medical records of a patient. A correct copy of this Subpoena is incorporated herein, made a part hereof, and attached hereto as Exhibit "A."

2. This Subpoena demands the production of protected, individually identifiable health information in the form of patient medical records, but it was not sent with a medical authorization which complies with the Health Insurance Portability & Accountability Act (HIPAA).

3. The Subpoena demands "all documents and/or communications" that "may be in the treatment file of Simone Starks", but such production would require Biton to violate federal law absent an appropriate consent or appropriate Order from a court of competent jurisdiction.

4. The Privacy Rules of HIPAA prohibit the disclosure of protected health information absent patient authorization or full compliance with HIPAA requirements. No such

authorization was provided with the Subpoena meaning the Subpoena should be quashed as violating federal law.

5.  45 C.F.R. § 164.512, a Regulation interpreting HIPAA, has specific requirements for the release of protected health information such as the records requested by this Subpoena. The party issuing the Subpoena has failed to comply with the requirements of HIPAA for the release of such information.

6.  The subpoena should also be quashed because it is overly broad, unspecific, and would create significant undue burden and expense because it does not specify any particular documents (other than the "treatment file of Simone Sparks") and instead essentially asks Biton to search every record of any kind involving numerous patients or other records to determine whether a particular record might contain a reference which would "summarize statements made by Charles Starks relating to a shooting". It essentially would require review of hundreds and potentially thousands of unrelated documents, including medical records, to ascertain whether some record might contain such a summarization. Rule 45 requires that the party issuing a subpoena "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance" and the subpoena also "subjects a person to undue burden" as prohibited by Rule 45. This is in addition to the fact that as to the medical records of Simone Starks, the subpoena seeks protected, privileged medical records without providing the necessary authorization or releases as to those protected medical records.

7.  For all of these reasons, the Subpoena should be quashed as to Simone Starks, if not quashed, an Order of the Court requiring the issuing party to provide a medical authorization from Simone Starks or, if no such authorization is supplied, that the issuing party obtain an

appropriate HIPAA compliant Order of this Court directing Biton to produce the Simone Starks documents and providing the required HIPAA protection for the information and records.

8.      Biton, through counsel, has attempted to contact counsel for the issuing party, Omavi Shukur, in an effort to resolve this issue, without any success, and has not received a return call or response.

WHEREFORE, Biton prays his Motion to Quash be granted, that he be held to have no obligation under the subpoena issued to him, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

Robert L. Henry, III  (AR BIN 72054)
BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201
(501) 372-6175 / Fax: (501) 375-2802
Email: rhenry@barberlawfirm.com

*Attorneys for Dr. Victor Biton*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| BRITNEY WALLS, | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 19-cv-398 |
| CHARLES STARKS, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr. Victor Biton
2 Lile Court Suite 100, Little Rock, AR 72205
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Rider

| Place: Loevy & Loevy<br>311 N. Aberdeen St., 3rd Flr.<br>Chicago, IL 60607 | Date and Time:<br>03/03/2020 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/18/2020

                    *CLERK OF COURT*
                                        OR
                                                          s/ Omavi Shukur
_____    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
_____, who issues or requests this subpoena, are:

Omavi Shukur, 311 N. Aberdeen St., 3rd Flr., Chicago, IL 60607, omavi@loevy.com, 312-243-5900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-cv-398

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA

All Documents and/or Communications that detail, record, paraphrase and/or summarize statements made by Charles Starks relating to a shooting he was involved in on February 22, 2019. Some, though not necessarily all, of these documents may be in the treatment file of Simone Starks.

## DEFINITIONS

1.      The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

2.      "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. Communication includes but is not limited to letters, memoranda, e-mail, notes, audio recordings, video recordings, SMS or text messages, Tweets, and other exchanges on social media such as Facebook, Twitter, Snapchat and Instagram.

3.      "Relate," "relating to," "related to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.