IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| BRITNEY WALLS, as Special Administratrix of the Estate of Bradley Blackshire, Deceased | ) ) ) | No. 4:19-cv-398-DPM |
| Plaintiff, v. | ) ) | |
| CHARLES STARKS, MICHAEL SIMPSON, and THE CITY OF LITTLE ROCK | ) ) ) | |
| Defendants. | ) ) ) ) ) | JURY TRIAL DEMANDED |

## JOINT REPORT OF DISCOVERY DISPUTE

COME NOW, the parties by and through respective Attorneys and present this joint report filed in advance of Alice Fulk's deposition, scheduled for November 16, 2020, and seeking to reopen the deposition of Hayward Finks, and allow related questioning of Defendant Starks.

### PLAINTIFF'S POSITION CONCERNING DISCOVERY DISPUTE

**Introduction.** This lawsuit arises out of the fatal shooting of Bradley Blackshire by former-LRPD officer Charles Starks, where, in addition to claims of individual liability, Plaintiff has advanced policy, practice, and custom claims against the City of Little Rock. Dkt. 1. Plaintiff seeks relevant testimony from Finks, Fulk, Defendant Starks, and others about their actions taken relative to the shooting of Bradley Blackshire by Defendant Starks—the core issues raised in this suit. Overlap between issues in this suit and other lawsuits that arose from Defendant Starks's use of deadly force against Bradley Blackshire are directly relevant to the application and understanding of policies and practices that existed at the time of the shooting in this case.

1

Additionally, the resulting litigation between the department and those in Starks's chain of command bears on their bias and the credibility of their opinions that Starks's behavior did not violate policies and practice. Nonetheless, Finks and Starks have refused to testify about certain issues arising from the related lawsuits, and counsel for Fulk (who also represents Finks) intends to improperly direct the witness not to answer relevant questions involving those lawsuits.

**Background.** The Little Rock Police Department's response to Starks's use of deadly force in this case has been contentious: the initial internal affairs Sergeant found that Starks violated Department policy, but those in Starks direct chain of command—Assistant Chief Hayward Finks, Lt. Dana Jackson, Former Assistant Chief Alice Fulk, and a sergeant—recommended Starks be "exonerated." The new Chief of Police, Keith Humphrey, hired after the shooting, terminated Starks.[1] Lawsuits related directly to the Bradley Blackshire shooting—and its aftermath—have been filed, largely revolving around varied (and contested) responses by Starks and those in his chain of command, including Finks and Fulks, to the killing of Bradley Blackshire. Finks and Fulk sued the Department,[2] and Humphrey filed a separate suit[3] against them as well as Defendant Starks.[4] *See* Exhibits 1, 2, and 3.

At the beginning of Hayward Finks's deposition, Chris Burks, who represents Finks in the other lawsuits, stated that he was appearing on behalf of Finks to the extent issues in this deposition related to the other matters. Plaintiff counsel offered to ask questions that related to the other matters at the outset of the deposition, to allow Mr. Burks to not have to remain for the entirety of the deposition. But counsel elected not to, given the substantial overlap between the

---

[1] Starks appealed that determination to the Civil Service Commission which upheld the firing. Starks later appealed to the circuit court which reinstated Starks's employment with a 30-day suspension, but agreed that Starks had grossly deviated from the policy. The city's appeal of that ruling was rendered moot when Starks resigned from the department.
[2] *Hayward Finks, et al v. Police Chief Keith Humphrey, Case No.: 60CV-20-2718.*
[3] *Keith Humphrey v. Alice Fulk, et al, Case No.: 4:20-cv-1158-JM.*
[4] *Charles Starks v. The City of Little Rock, et al, Case No.: 60CV-20-3120.*

cases. During the deposition, when Plaintiff counsel asked questions about the other lawsuits, Mr. Burks objected and improperly instructed his client to stop answering relevant questions. *See* Finks Dep. 179:8-186:16, Oct. 12, 2020. Defendant Starks has already been deposed, but Plaintiff counsel and counsel for Defendant Starks agreed to reserve deposition time for questioning on this issue, pending the Court's ruling.

**Discussion.** Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the benefit. FED. R. CIV. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id*.

Plaintiff seeks to reopen the Finks deposition pursuant to Federal Rule of Civil Procedure 30(a)(2), which requires courts to grant leave to take the deposition of a witness who has already been deposed where the information sought is relevant and not cumulative, so long as the benefit does not outweigh the cost, considering the factors listed in Federal Rule of Civil Procedure 26(b)(1) and (2). *Johnese v. Ashland, Inc.*, 2007 WL 4589362, at *1 (E.D. Ark. Dec. 28, 2007); *see also Howard v. Securitas Security Servs. USA, Inc.*, 2011 WL 1483329, at *2 (N.D. Ill. Apr. 19, 2011); *Zorich v. St. Louis Cty.*, 2018 WL 10394880, at *2 (E.D. Mo. Apr. 24, 2018).

The evidence Plaintiff seeks is undoubtedly relevant. Plaintiff has asserted a *Monell* claim against the City of Little Rock, arguing that the City's policies, practices, and customs gave rise to Defendant Starks's unconstitutional acts, which resulted in the death of Mr. Blackshire. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Accordingly, superior officers' differing views regarding whether Starks violated department

policy, or should have been disciplined, bears directly on Plaintiff's claims in this action, including by shedding light on the state of the department's policies and practices at the relevant time in this case. Precluding this questioning would prevent Plaintiff from examining witnesses about these pertinent different interpretations and applications of department policy and custom, depriving Plaintiff of relevant evidence in the process.

It is well established that such evidence can "shed some light on what policies existed in the city on the date" of the shooting, *Bordanaro v. McLeod*, 871 F.2d 1151 (1st Cir. 1989), and "that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry." *Henry v. Cty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997); *see Salvato v. Miley*, 790 F.3d 1286, 1297 (11th Cir. 2015) (noting that "[p]ost-event evidence can shed some light on what policies existed in the city on the date of an alleged deprivation of constitutional right" (internal quotes omitted)); *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985). Here, subsequent conduct of Defendant Starks, Finks, Fulk, and others in Starks's chain of command, related to opinions and actions taken regarding the departmental policies that governed Starks's actions in this case, and are thus relevant.

Plaintiff may properly inquire on issues that show bias of individuals in Starks's chain of command who are witnesses on his behalf. Such bias bears directly on the reliability of their testimony about actions taken and opinions given regarding Starks's killing of Mr. Blackshire. *Cf. E.E.O.C. v. Randall Ford, Inc.*, 298 F.R.D. 573, 575 (W.D. Ark. 2014) (compelling discovery of personnel information as relevant to the employee's credibility). As noted, Finks and Fulk are listed by Defendant Starks as witnesses in this matter. In their lawsuits, Finks and Fulk claim they were retaliated against for recommending that Defendant Starks be exonerated for his

actions during the Blackshire shooting, in contravention of Humphrey's ultimate decision to terminate Defendant Starks's employment. All of this is relevant to bias and relates directly to the incident underlying this action. The same is true of Humphrey's suit—Humphrey claims that he was maligned by Finks, Fulk and Defendant Starks in the aftermath of his termination decision related to the Blackshire shooting. Importantly, "[o]n the issue of bias or prejudice, proof can be made by extrinsic evidence." *United States v. Brown*, 547 F.2d 438, 445–46 (8th Cir. 1977). Hence Plaintiff should not be enjoined from properly inquiring into matters that may further reveal the bias of Finks and Fulk towards Defendant Starks.

The scope of the overlapping issues between the other lawsuits and this one is limited but clear, posing no undue burden to Defendant Starks, Fulk or Finks. There is no legal basis or practical need to require involvement of counsel to parties in the other lawsuits for this deposition to proceed. Plaintiff intends to ask questions designed to examine material facts and potential bias where appropriate. Indeed, Finks' deposition makes this evident. There, Plaintiff's counsel indicated that there would only be a few questions about Finks's apparent issues with Humphrey, his civil service testimony, and his other responses to the shooting. Finally, it bears mention that objecting counsel bear the burden of showing that relevant information should be precluded from discovery. *Harvey v. Great Circle*, 2020 WL 5594063, at *2 (E.D. Mo. Sept. 18, 2020). Counsel has not and cannot meet this burden as the questioning does not "annoy, embarrass, or oppress" the deponents and creates no "undue burden." FED. R. CIV. P. 26(c).

In short: there is no valid contention that questioning Starks, Finks and Fulk about their efforts taken vis-à-vis the department relative to Starks killing Bradley Blackshire are relevant and admissible. Thus, questioning on this issue must be allowed during future depositions, and the deposition of Hayward Finks should be reopened for this line of inquiry.

## **DEFENDANT'S POSITION AS TO DISCOVERY DISPUTE**

There has arisen an issue concerning the scope of the Deposition of both the Defendant Charles Starks and others. The Plaintiff's attorney(s) wish to depose witnesses concerning events that are in other lawsuits, which the Defendant Charles Starks is a party but, also involves cases that the Defendant is not a party to and ones in which he is a party to with numerous other people.

The Plaintiff's counsel in the deposition of Assistant Chief Hayward Finks attempted to ask Assistant Chief Finks questions concerning his separate lawsuit *Hayward Finks, et al v. Police Chief Keith Humphrey*; Case No.: 60CV-20-2718, *Keith Humphrey v. Alice Fulk, et al*, Case No.: 4:20-cv-1158-JM, and *Charles Starks v. The City of Little Rock, et al*, Case No.: 60CV-20-3120.

The Defendant Charles Starks and counsel for Chief Finks requested that Plaintiff's counsel not go into the other lawsuit unless all of the parties have counsel present. This would create an unyielding situation. In the case of *Humphrey v. Fulk et al,* Case No.: 4:20-cv-1158-JM there are 24 separate Defendants. Counsel asked the Plaintiff to limit the deposition of the Defendant Charles Starks and others to events that occurred prior to the decision of the Honorable Timothy Fox in Pulaski County Circuit Court: 60CV-19-7042 reinstating the Defendant as a Little Rock Police Officer. The only response that Defendant's counsel received was that the events occurring after that could show bias or relevance. The Defendant Starks is being sued in this case for the wrongful death of Bradley Blackshire, who tried to run Defendant Starks over with a stolen car. This event occurred on February 21, 2019, and the reinstatement by Judge Fox was on January 02, 2020. The remaining Depositions that have been set are that of Michael Simpson, who is involved in the issues in the lawsuit that occurred on February 21,

2019, the Defendant Charles Starks, and Captain Heath Helton who evaluate the reasonableness and propriety of the Defendant's actions as part of his Chain of Command, retired Chief Alice Fulk, and retired Lieutenant Johnny Gilbert, who had left the Little Rock Police Department prior to the reinstatement of the Defendant Charles Starks. Also, the Deposition of Chief Humphrey is planned. Clearly, any events raised in the other lawsuits need to be handled by the attorneys in those cases.

In this case, the Plaintiff has received from the City of Little Rock discovery responsive in the tens of thousands of pages. They have received a copy of the criminal investigation reports involving the shooting of Bradley Blackshire. They received almost a thousand pages of transcript from the Little Rock Civil Service Commission, including the sworn testimony of all of the individuals that they are taking depositions of. The Plaintiff has significant material for his policy claims. The other cases that they wish to inquire into were filed well after the filing of this case. These individuals have been identified as witnesses for the Defendant Starks, other than Michael Simpson they are all represented by parties other than the attorneys representing the City of Little Rock. The attorneys representing Chief Keith Humphrey have not been involved in this litigation. The Court in *E.E.O.C. v. J.B.S. U.S.A., LLC*; 2012 W.L. 169981. Stated, 'Rule 26 (c) confers broad discretion on the trial court to decide when a Protective Order is appropriate and what degree of protection is required.' *Seattle Times v. Rhinehart*; 467 U.S. 20, 36 (1984).

Any animosity or bias between the witnesses and Chief Humphrey would not be relevant if the events giving rise to it did not occur until after the individuals testified in the Civil Service Commission Hearing as to Mr. Starks' actions. The issue in this case with respect to

7

whether Mr. Blackshire's death violated his Constitutional Rights is governed by *Graham v. Conner*; 490 U.S. 386 (1989).

Violation of Police Department policies is not a basis for liability. See *San Francisco v. Sheehan,* 135 S. Ct. 1765, 1777 (2015) The expense of going through all of the issues that could be raised by just one of the lawsuits; that being the Humphrey v. Fulk, et al is evidenced by the fact that there are seventy-nine numbered paragraphs in the Complaint making numerous claims against individuals and the Little Rock Fraternal Order of Police, but only mentioning the Defendant Charles Starks in eight paragraphs. Including identifying him as an individual and a claim in paragraph number seventy-eight that, "the Defendants and each of them have engaged in various covert acts establishing the basis of a widespread conspiracy …"

There is a document attached to the Complaint entitled, 'Humphrey v. Finks, et al Complaint Addendum,' consisting of seventy-three single-spaced pages of paragraphs numbered 1 through 351. To prepare for the examination of the Defendant and cross-examination of witnesses being called by the Plaintiff in this case concerning all of those non-related claims going back to the service of Chief Lawrence Johnson in 2000-2005 would be an unreasonable cost for the proportionality of the recovery of meaningful information.

In *Schultz v. Sentinel Insurance Company*; 2016 U.S. Dist. Lexis 72542; 2016 W.L. 31496869-10 the Court noted, "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy ... encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *E.E.O.C. v. Woodmen of the World Life Ins. Society*, 2007 U.S. Dist. LEXIS 18497, 2007 WL 1217919 at 1 (D. Neb. March 15, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*; 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). The party seeking

discovery must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required." Id. (citing *Hofer v. Mack Trucks, Inc.*; 981 F.2d 377, 380 (8th Cir. 1993)). "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." Id. (citing *Cervantes v. Time, Inc*., 464 F.2d 986, 994 (8th Cir. 1972)).

It is requested that the Court prohibit the Plaintiff from inquiring about events happening after January 4, 2020 in any deposition taken in this case.

Respectfully submitted:

Omavi Shukur
Omavi Shukur
NAACP Legal Defense and
Education Fund, Inc.
40 Rector St, 5th Floor
New York, New York 10006
oshukur@naacpldf.org


Robert A. Newcomb
Robert Newcomb
P.O. Box 149
Little Rock, AR 72203
newcomboffice@aol.com
robertnwcmb@aol.com

Respectfully Submitted:

Chris Burks by Robert Newcomb
Chris Burks
1 Riverfront Place, STE 745
North Little Rock, AR 72114
Email: chris@wh.law

## **CERTIFICATE OF SERVICE**

I, Omavi Shukur, hereby certify that on November 4, 2020. I caused the foregoing to be filed via the Court's electronic filing system, which effectuated service upon all counsel.

Omavi Shukur
*One of the Attorneys for Plaintiff*
